IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD WALSH, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1025-RGA |
| CORPORAL CHRISTOPHER POPP, | : |
| Defendant. | : |

Howard Walsh, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 28, 2017
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Howard Walsh, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8). The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

Plaintiff filed this action on July 26, 2017. He alleges that on October 6, 2014 (D.I. 2 at 3, 7), Defendant Christopher Popp, a Delaware State Police officer, responded to a 911 call to Miller's Gun Store. Popp arrived at the store to find that Plaintiff had been placed into custody by Corporal Fischetti. Plaintiff alleges that he was interrogated by Popp regarding his ownership of firearms. Plaintiff alleges the interrogation violated his constitutional right against self-incrimination.

Plaintiff alleges that following the illegal interrogation, an illegal search (without a warrant) took place at his apartment and two black powder guns were found. Plaintiff alleges that on the day in question Plaintiff was asked by Popp, twice, to consent to a search of his apartment. On both occasions Plaintiff said, "no." (D.I. 2 at 5). Plaintiff alleges that Popp next threatened to arrest Plaintiff and his wife. Plaintiff ultimately consented to the search after his wife pleaded with him to consent so that she would not be arrested. Plaintiff alleges that his consent was given while he was under duress and

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

due to threats made by Popp. Plaintiff alleges that Popp's acts violated his constitutional rights. He seeks compensatory and punitive damages as well as injunctive relief.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C.§ 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby,* 408 F. App'x 524, 526 (3d Cir. 2010).

Plaintiff complains of acts that took place on October 6, 2014. He did not file his Complaint until July 24, 2017.[2] Hence, it is evident from the face of the Complaint that

---

[2]The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." See *Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Here, Plaintiff's complaint was signed on July 24, 2017, and submitted for e-filing by prison authorities on July 26, 2017. Therefore, the court concludes that Plaintiff's Complaint was filed on July 24, 2017, the date it was signed, and the earliest

4

the complaint is time-barred having been filed some nine months after expiration of the two-year limitations period.

Because Plaintiff's allegations are time-barred the Court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## CONCLUSION

For the above reasons, the Court will the complaint as legally frivolous as it is time-barred pursuant to U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment is futile. The substance of Plaintiff's complaint was known to him more than two years before he filed this complaint, as evidenced by the same allegations appearing in a section 2254 action he filed on June 26, 2015. *See Walsh v. Westley*, Civ. Act. No. 15-550-RGA (D.I. 1 at 3-5) (D.Del.).

An appropriate order will be entered.

---

date possible that it could have been delivered to prison officials in Delaware to submit for e-filing.